IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SAMANTHA DIGGS**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-1612-L** |
| | § | |
| **CITIGROUP, INC.**, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant's Motion to Dismiss and Compel Arbitration, filed June 14, 2012. The court referred this motion to the Honorable Magistrate Judge Renee Harris Toliver for findings and recommendations. On September 13, 2012, the magistrate judge issued her Findings, Conclusions, and Recommendation ("Report"). The magistrate judge concluded that a valid arbitration agreement existed between the parties, that the dispute in question fell within the scope of the agreement, and that the agreement did not violate public policy. As a result of her findings and conclusions, the magistrate judge recommended that Plaintiff Samantha Diggs's ("Plaintiff" or "Diggs") claims be arbitrated in accordance with the agreement and Defendant's Arbitration Policy. The magistrate judge also recommended that attorney's fees and costs be assessed against Plaintiff as sanctions for her "frivolous arguments." Report 7.

Plaintiff Diggs opposes Defendant's Motion to Dismiss and Compel Arbitration, and objects to the Report. She contends that: (1) the magistrate judge improperly applied a conclusive federal presumption to the foundation of the underlying contract between the parties; (2) the agreement to arbitrate is unenforceable because of fraud, mistake, or prior breach; (3) the

**Memorandum Opinion and Order – Page 1**

Arbitration Policy of Defendant is unconscionable; (4) mandatory employment arbitration by the American Arbitration Association violates public policy; and (5) the magistrate judge erred in recommending Rule 11 sanctions. The court disagrees with Plaintiff regarding the first four issues and determines that the magistrate judge's findings and conclusions are correct. The court, however, disagrees that attorney's fees and costs should be imposed as sanctions pursuant to Rule 11 and rejects the magistrate judge's conclusion and recommendation on this issue.

In asserting her opposition to the Report, Plaintiff essentially relies on a study conducted by a Cornell University Associate Professor and lawyer, Dr. Alexander Colvin. The study is based on an analysis of 1,213 employment arbitration awards administered by the American Arbitration Association from January 1, 2003, to December 31, 2007. As a result of the findings or suggestions in Dr. Colvin's study, Plaintiff contends that arbitration awards in employment disputes disproportionately favor employers over employees. In other words, she is convinced that the arbitration process and awards made are grossly unfair to employees.

The court questions the reliability and relevance of Dr. Colvin's study to the extent that it is presented to show allegedly how unfair arbitration is to employees. The study does not take into account a number of factors or variables, and the court is not convinced that the study, despite the affidavit regarding the study, meets the requirement for expert testimony under Rule 702 of the Federal Rules of Evidence,[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S.

---

[1] This rule provides as follows:
>   A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>   (a) the expert's scientific, technical, or other specialized knowledge will help the trier of a fact to   understand the evidence or to determine a fact in issue;
>   (b) the testimony is based on sufficient facts or data;
>   (c) the testimony is the product of reliable principles and methods; and

**Memorandum Opinion and Order – Page 2**

579 (1993), and *Kumho Tire Company v. Carmichael,* 526 U.S. 137 (1998).  This alone is enough for the court to disregard completely the study.

Moreover, Plaintiff takes general statements or findings that are not specific to this case out of context.  The findings in the study simply are not susceptible to the interpretation that Plaintiff seeks to ascribe to them.  To accept Plaintiff's suggestions regarding the study would require the court to make a quantum leap of logic that is not supported by any evidence specific to this case.  Diggs has set forth no specific instances of fraud, mutual mistake, unconscionability, or violations of public policy as related to this case regarding the Arbitration Policy of Defendant or the agreement to arbitrate that she signed.  Other than the study by Dr. Colvin, which has little or no relevance to the issue the court must decide, Plaintiff has made only conclusory statements and impermissible inferences.

As part of her objections, Plaintiff Diggs accuses the magistrate judge of "evident disdain" and states that the United States Supreme Court routinely allows courts to consider statistical evidence in the context of discrimination litigation.  She cites *Furnco Construction Corporation v. Waters*, 438 U.S. 567 (1978), and *Hazelwood School District v. United States*, 433 U.S. 299 (1977), in support of her argument.  Plaintiff's reliance on these two cases is misplaced.  These cases simply stand for the proposition that statistical evidence may be relevant to an employer's motivation in a race discrimination case.  The court sees no correlation between an employer's motive in a discrimination case and an employment discrimination dispute that is submitted to arbitration.

---

(d)  the expert has reliably applied the principles and methods to the facts of the case.

**Memorandum Opinion and Order – Page 3**

As a final note, the court observes that there is a "strong federal policy in favor of arbitration." *Safer v. Nelson Fin. Grp., Inc.*, 422 F.3d 289, 294 (5th Cir. 2005) (citation omitted). Therefore, even if the study cited by Plaintiff meets the test for the admissibly of expert testimony, the court's ruling would remain the same. Diggs has cited no authority in which a court of this circuit has held that mandatory arbitration is so tilted in favor of the employer that the strong policy in favor of arbitration should be abandoned.

The court determines that the magistrate judge's findings and conclusions are correct with respect to the first four issues, and accepts them as those of this court. The court **overrules** Plaintiff's objections regarding the first four issues.

The court now turns to the issue of Rule 11 Sanctions. Defendant requested attorney's fees in the conclusion of its motion to dismiss and in the conclusion of its reply to Plaintiff's response to Defendant's Motion to Dismiss and Compel Arbitration. In her Report, the magistrate judge stated, "Rule 11 of the Federal Rules of Civil Procedure permits a District Court to impose sanctions for frivolous arguments. In light of this Court's clear precedent rejecting the identical arguments Plaintiff raises here, the undersigned finds that sanctions are appropriate in this case." Report 7. She recommends that attorney's fees be assessed against Plaintiff as a sanction.

Diggs objects to the finding and recommendation regarding Rule 11 sanctions because the motion and reply by Defendant never mentioned Rule 11 as a basis for sanctions and recovery of attorney's fees, and because Defendant did not file a separate motion for sanctions pursuant to Rule 11 and serve Plaintiff with that separate motion. Further, Plaintiff contends that

the magistrate judge failed to comply with Rule 11(c)(3). The court agrees with Plaintiff that attorney's fees as a sanction should not be assessed.

Sanctions may be imposed as a result of a motion or by a court's initiative; however, the sanctions are limited, depending on the circumstances. Fed. R. Civ. P. 11(c)(2), (3), (4). This rule provides as follows:

> **Motion for Sanctions**. A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.
>
> **On the Court's Initiative**. On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the other has not violated Rule 11(b).
>
> **Nature of a Sanction**. A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

*Id.* The record is clear that Defendant did not file a separate motion for sanctions. Accordingly, no sanctions can be imposed as a result of filing a motion in this case. *Brunig v. Clark*, 560 F.3d 292, 297 (5th Cir. 2009).

Further, a court may not impose on its own initiative an award of attorney's fees as a sanction under Rule 11(c)(4). *Id.* at 298. "[A]n order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses" can be made by the court only if the

sanctions are imposed pursuant to a motion and "warranted for effective deterrence." Fed. R. Civ. P. 11(c)(4); *Thornton v. General Motors Corp.*, 136 F.3d 450, 455 (5th Cir. 1998). As Defendant did not comply with the safe harbor requirements of Rule 11(c)(2), any sanctions imposed in this case would be on the court's own initiative. *Brunig*, 560 F.3d at 298. As Rule 11 does not allow a court to grant attorney's fees *sua sponte*, the court may not award Defendant attorney's fees in this case. Accordingly, the court **sustains** Plaintiff's objection regarding the magistrate judge's conclusions and recommendation that Plaintiff be ordered to pay Defendant its reasonable attorney's fees for prosecuting Defendant's Motion to Dismiss and Compel Arbitration.

For the reasons herein stated, the court **grants** Defendant's Motion to Dismiss and Compel Arbitration, and **denies** Defendant's request for attorney's fees. The parties **shall arbitrate** Plaintiff's claims pursuant to the Arbitration Policy and the agreement signed by Plaintiff. Further, the court **dismisses** this action **with prejudice**.[2] Judgment will issue by separate document as required by Rule 58 of the Federal Rules of Civil Procedure.

**It is so ordered** this 8th day of January, 2013.

Sam A. Lindsay
United States District Judge

---

[2] As all of Plaintiff's claims are arbitrable and must be submitted to arbitration, there is no reason for the court to maintain jurisdiction over this action. Accordingly, dismissal of the claims and action with prejudice is appropriate. *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992).